UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANTANA GRAY, | ) |
|       Plaintiff, | ) ) ) |
|       v. | )    No. 1:20-cv-03111-JMS-TAB ) |
| COOPERIDER Lt.,<br>SARTEN Sgt.,<br>MARTTS Lt., | ) ) ) ) |
|       Defendants. | ) |

**Order Denying Defendants' Motion for Summary Judgment**

Plaintiff Santana Gray, an inmate at Pendleton Correctional Facility ("Pendleton"), filed this civil rights action under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment rights by failing to timely escort him to receive medical care after he was pepper-sprayed in his cell.

The defendants seek summary judgment arguing that the action should be dismissed because Mr. Gray did not exhaust his administrative remedies. Mr. Gray has responded in opposition to the motion for summary judgment, and the defendants have replied. Because the evidence shows that the grievance process was unavailable, the motion for summary judgment is **denied**.

          **I.**      **Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.    Background

According to Mr. Gray's amended complaint, on May 19, 2019, he was pepper-sprayed while in his cell. Mr. Gray suffers from asthma and began struggling to breathe. He asked the defendants several times to be escorted to medical for a breathing treatment, but they ignored him. After about three hours, Lt. Cooperider escorted Mr. Gray to medical, where he received care.

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process ("the Grievance Process") that provides offenders an opportunity to attempt to resolve grievances before filing suit in federal court. Dkt. 24-2 at 1. The Grievance Process in effect at the time of the incident consisted of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility warden or the warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at 3.

Inmates may grieve actions of individual staff. *Id.* However, staff discipline or training is not a grievable issue. *Id.* at 4. Disciplinary actions or decisions are also not grievable and must be resolved through a separate disciplinary appeal process. *Id.* at 3.

After the incident, Mr. Gray submitted a request for interview. Dkt. 24-1 at 2. He then submitted a grievance in which he explained that after he was sprayed, he repeatedly requested to be taken to medical but Sgt. Sarten and Lt. Cooperider refused. *Id.* at 3. When he was treated hours later, Lt. Cooperider asked the nurse if she could have escorted Mr. Gray to medical during count, and the nurse said yes because it was a medical emergency. *Id.* In the section asking what relief the inmate seeks, Mr. Gray wrote, "For correction officers to follow proper protocol. I could've died." *Id.*

Grievance specialist Laura Bodkin returned the grievance for two reasons. The first was that the complaint concerned a classification or disciplinary hearing issue or action, which "are to be appealed through their own appeal process and not through the grievance process." *Id.* at 1. The second stated, "Staff discipline, assignment, duties, and/or training is not part of the grievance process." *Id.*

Mr. Gray did not submit other grievances or appeals related to this incident after his grievance was returned.[1] Dkt. 24-4 at ¶ 6. According to Ms. Bodkin, "Mr. Gray could have corrected and resubmitted his grievance within five (5) days of it being returned to him, but he did not." *Id.* at ¶ 7; dkt. 24-2 at 10.

### III. Discussion

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002).

---

[1] Mr. Gray contends that after receiving the rejected grievance, he resubmitted his formal grievance while in segregation by handing it to Casework Manager Cook. But he submits no admissible evidence in support of this assertion, and his response is not verified, so the Court cannot treat it as evidence. *Cf. Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (observing that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment").

3

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

While a prisoner "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of use, or 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60. Exhaustion is an affirmative defense, and the defendant bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

When Ms. Bodkin rejected Mr. Gray's grievance, she provided two reasons. The first—that his complaint concerned a classification or disciplinary hearing issue—was clearly inapplicable. Mr. Gray did not state that he was subject to any discipline as a result of the incident; his complaint focused on the correctional officers' delay for getting him to medical for treatment.

4

The second—that staff discipline or training was not part of the grievance process—indicated that "no further step was available" to Mr. Gray. *Reid*, 962 F.3d at 330.

Ms. Bodkin attested that Mr. Gray could have submitted a corrected form within five days, but her grievance response undermines this assertion. The grievance return form lists multiple possible reasons for rejection that indicate a fixable problem: the grievance form isn't completely filled out; it contains multiple issues but should only contain one; it is not legible or contains excessive legal jargon. Dkt. 24-1 at 1. But Ms. Bodkin's unambiguous response to Mr. Gray told him that the grievance process was not available to address his problem. Thus, although staff actions are grievable issues, Ms. Bodkin's response "so obscured the administrative process that it became unknowable and, thus, unavailable to him." *Reid*, 962 F.3d at 331.

Accordingly, the defendants' motion for summary judgment must be denied.

### IV. Conclusion

The defendants' motion for summary judgment, dkt. [24], is **denied**. The evidence shows that Ms. Bodkin's response to Mr. Gray's grievance rendered the administrative process unavailable to him. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in Mr. Gray's favor on the exhaustion defense. The defendants **shall have through January 5, 2022**, in which to respond to the Court's proposal and either (a) show cause why summary judgment should not be entered in Mr. Gray's favor on this issue, or (b) withdraw his affirmative defense of exhaustion.

**IT IS SO ORDERED.**

Date: 12/16/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SANTANA GRAY
195819
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Peter Andrew Inman
INDIANA ATTORNEY GENERAL
peter.inman@atg.in.gov